1  STEPHANIE M. HINDS (CABN 154284)
   United States Attorney

2
   THOMAS A. COLTHURST (CABN 99493)
3  Chief, Criminal Division

4  CHARLES F. BISESTO (CABN 271353)
   Assistant United States Attorney

5
       450 Golden Gate Avenue, Box 36055
6      San Francisco, California 94102-3495
       Telephone: (415) 436-6405
7      FAX: (415) 436-7234
       Charles.Bisesto@usdoj.gov

8
   Attorneys for United States of America

9
                    UNITED STATES DISTRICT COURT

10
                  NORTHERN DISTRICT OF CALIFORNIA

11
                     SAN FRANCISCO DIVISION

12

13  UNITED STATES OF AMERICA,          )   CASE NO.: 22-CR-390-RS & 22-CR-443-RS
                                        )
14          Plaintiff,                  )   STIPULATION AND ORDER TO CONTINUE
                                        )   STATUS CONFERENCE AND EXCLUDE
15      v.                              )   TIME FROM MARCH 21, 2023 TO APRIL 25,
                                        )   2023
16  HEVER SUAREZ                        )
                                        )
17          Defendant.                  )
                                        )
18                                      )
                                        )
19  _____ )

20          Plaintiff United States of America, by and through its counsel of record, the United States

21  Attorney for the Northern District of California and Assistant United States Attorney Charles Bisesto,

22  and defendant Hever Suarez ("Defendants"), by and through his counsel of record, Amy Craig, hereby

23  stipulates as follows:

24          1.      On October 4, 2022, a four-count criminal Indictment was filed with the Court, charging

25  Defendant with violations of 21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(C), conspiracy to distribute and

26  possess with intent to distribute fentanyl and heroin, 21 U.S.C. § 841(a)(1) and (b)(1)(c), possession

27  with intent to distribute and distribution of fentanyl and heroin, and 21 U.S.C. § 843(b), unlawful use of

28  a communication facility.  *See* Dkt. 52.

2.      On October 6, 2022, Defendant was arraigned on the Indictment in Magistrate Court.  His matter was set for a status conference in District Court on November 8, 2022.  *See* Dkt. 55.

3.      This matter is currently set for a status conference on March 21, 2023.

4.      Counsel for the government returned from parental leave on March 6, 2023.  Since that date, the parties have had substantial discussions about resolving this case.  The parties have discussed potential parameters of a resolution, but need more time to work through the details.  The parties are hopeful that additional time will assist in making progress towards a plea agreement.

5.      For these reasons, the parties are requesting a further status conference date of April 25, 2023.  Additionally, the parties agree that excluding time until the April 25, 2023 court date will allow for effective preparation of counsel, taking into account the exercise of due diligence. *See* 18 U.S.C. §§ 3161(h)(7)(A), (B)(iv).  The parties further stipulate and agree that the ends of justice served by excluding the time from  March 21, 2023 through April 25, 2023 from computation under the Speedy Trial Act outweigh the best interests of the public and defendant in the prompt resolution of this case. *See id.*

The undersigned Assistant United States Attorney certifies that he has obtained approval from counsel for Defendants to file this stipulation and proposed order.

IT IS SO STIPULATED.

DATED: March 20, 2023

                               /s/
                               CHARLES F. BISESTO
                               Assistant United States Attorney

DATED: March 20, 2023

                               /s/
                               AMY CRAIG
                               Counsel for Defendant Hever Suarez

**ORDER**

Based upon the representations of counsel and for good cause shown, the Court continues the status conference date from March 21, 2023 to April 25, 2023.  The Court further finds that failing to exclude the time from March 21, 2023 to April 25, 2023 would unreasonably deny defense counsel and Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  *See* 18 U.S.C. §§ 3161(h)(7)(A), (B)(iv).

The Court further finds that the ends of justice served by excluding the time from March 21, 2023 to April 25, 2023 from computation under the Speedy Trial Act outweigh the best interests of the public and defendant in a speedy trial.  *See* § 3161(h)(7)(A).

Therefore, and with the consent of the parties, IT IS HEREBY ORDERED that the time from March 21, 2023 through April 25, 2023 shall be excluded from computation under the Speedy Trial Act. *See id.*

IT IS SO ORDERED.


DATED:  _March 20, 2023_____

_____

HON. RICHARD SEEBORG
United States Chief District Judge